IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STEPHEN B. TURNER,          ) | No. C 11-4948 LHK (PR) | |
| )                                                        | | |
| Petitioner,          ) | ORDER TO SHOW CAUSE; | |
| )                                                        | DENYING MOTION FOR LEAVE | |
| )                                                        | TO PROCEED IN FORMA | |
| v.          ) | PAUPERIS; DENYING EX PARTE | |
| )                                                        | MOTION FOR TEMPORARY | |
| )                                                        | RESTRAINING ORDER; | |
| MATTHEW CATE, et al.,          ) | DENYING MOTION TO APPOINT | |
| )                                                        | COUNSEL | |
| Respondents.          ) | | |
|                                                       ) | (Docket Nos. 2, 3, 5.) | |

Petitioner, a former state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner's motion for leave to proceed in forma pauperis is DENIED. The Court orders Respondents to show cause why a writ of habeas corpus should not be granted.

**DISCUSSION**

**A.     Standard of Review**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

1    A district court shall "award the writ or issue an order directing the respondent to show
2 cause why the writ should not be granted, unless it appears from the application that the
3 applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

4 **B.     Petitioner's Claims**

5    In 1984, Petitioner pleaded nolo contendere to misdemeanor indecent exposure. (Pet. at
6 4.) The victims were two minor females under the age of 14 years. (*Id.*) Petitioner was not
7 required to register as a sex offender. (*Id.*) In 1986, Petitioner was discharged from probation
8 upon request, and the court dismissed the conviction pursuant to California Penal Code §§ 1385
9 and 13151.1(a). (*Id.*) In 1993, Petitioner was convicted of misdemeanor indecent exposure, and
10 the victim was an adult female. (*Id.*) Petitioner was fined, sentenced to 30 days work release,
11 and a 3-year term of probation. (*Id.*) Petitioner was not required to register as a sex offender.
12 (*Id.*) In 1996, after completing probation, the 1993 conviction was expunged. (*Id.*) In 2002,
13 Petitioner pleaded guilty to a misdemeanor concealed weapons charge. (*Id.*) In 2006, Petitioner
14 pleaded guilty to five non-sex related felony charges, and sentenced to a term of seven years and
15 eight months in state prison. (*Id.* at 4-5.)

16    Effective November 8, 2006, California enacted "Jessica's Law," otherwise known as
17 Proposition 83. Jessica's Law prohibits registered sex offenders from residing within 2000 feet
18 of a public or private school or park where children regularly gather. Cal. Penal Code
19 § 3003.5(b). Also in November 2006, Petitioner alleges that the California legislature enacted
20 Penal Code § 290.007, which required him to register as a sex offender. (*Id.* at 12.)

21    Petitioner was released from Avenal State Prison on January 5, 2010. (*Id.* at 5.) Upon
22 his release, Petitioner complied with the sex offender registration requirement, as well as the
23 residency restriction of Jessica's Law. (*Id.* at 12.)

24    Petitioner filed the instant federal habeas petition on October 6, 2011. In the petition,
25 Petitioner challenges the constitutionality of the sex offender registration requirement, as well as
26 the related residency restrictions propounded by Jessica's Law, *see* Cal. Penal Code §§ 290,
27 290.007, 3003.5(b), as they apply to him. Liberally construed, these claims are cognizable on
28

federal habeas review. The Court orders Respondents to show cause why the petition should not be granted as to the above issues. See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).[1]

### C. Emergency Motion for Temporary Restraining Order ("TRO")

Petitioner requests an emergency TRO to enjoin Respondents from enforcing his registration and residency requirement pursuant to California Penal Code §§ 290, 290.007, and 3003.5(b).

Federal Rule of Civil Procedure 65 sets forth the procedure for issuance of a preliminary injunction or TRO. Prior to granting a preliminary injunction, notice to the adverse party is required. *See* Fed. R. Civ. P. 65(a)(1). Therefore, a motion for preliminary injunction cannot be decided until the parties to the action are served. *See Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1983). A TRO may be granted without written or oral notice to the adverse party or that party's attorney only if: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the applicant's attorney certifies in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required. *See* Fed. R. Civ. P. 65(b).

The purpose of the preliminary injunction as provided by Rule 65 is to preserve the relative positions of the parties – the status quo ante – until a full trial on the merits can be conducted. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). On the other hand, "[a] mandatory injunction goes well beyond simply maintaining the status quo pendente lite [and] is particularly disfavored." *Stanley v. University of Southern California*, 13 F.3d 1313, 1320 (9th

---

[1] *But see In re E.J.*, 47 Cal. 4th 1258 (2010) (rejecting ex post facto challenge to Jessica's law brought by registered sex offenders who were on parole for non-sex offenses); *People v. Mosley*, 188 Cal. App. 4th 1090 (2010) (distinguishing *In re E.J.* and concluding that the sex offender registration and residency requirements imposed through a discretionary sex offender registration was unconstitutional), *petition for review granted by People v. Mosley*, 121 Cal. Rptr. 3d 280 (2011).

Cir. 1994) (internal quotations, citations omitted).  Petitioner argues what the status quo should be: his parole conditions should reflect only his current commitment offense rather than his expunged misdemeanor conviction.  However, the status quo in this case at this time is that Petitioner is subject to additional conditions of parole and intensive supervision based on his status as a section 290 registrant.  Accordingly, what he seeks is a mandatory injunction, which may be issued only upon a finding that the facts and law clearly favor him.  *Id.*  Petitioner has not made that showing.  *Compare Connecticut Department of Public Safety v. Doe*, 538 U.S. 1 (2003) (requirement that sex offenders register not subject to due process hearing); *Smith v. Doe*, 538 U.S. 84 (2003) (Alaska sex offender registration law non-punitive, and so requiring registration even though offense occurred before enactment was not an ex post facto violation); *United States v. Jackson*, 189 F.3d 820 (9th Cir. 1999) (imposing mandatory drug testing as condition of supervised release did not violate ex post facto clause although conviction occurred before enactment); *Artway v. Attorney General of the State of New Jersey*, 81 F.3d 1235 (3d Cir. 1996) (sex offender registration did not violate ex post facto, double jeopardy, equal protection or due process clauses) *with Coleman v. Dretke*, 395 F.3d 216 (5th Cir. 2004) (imposing sex offender treatment requirements on one never convicted of sex offense without notice or hearing violated due process).

In addition, Petitioner has made no showing regarding any efforts made to afford the requisite notice to Respondents.  *See* Fed. R. Civ. P. 65(b).  The Ninth Circuit has cautioned that there are "very few circumstances justifying the issuance of an ex parte TRO."  *See Reno Air Racing Assoc. Inc v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006).  For instance, notice may be excused where it "is impossible either because the identity of the adverse party is unknown or because a known party cannot be located in time for a hearing."  *Id.*  Or, notice may not be required where providing "notice to the defendant would render fruitless the further prosecution of the action" because the adverse party is likely to destroy evidence.  *Id.*  Here, Petitioner has not demonstrated that either exception is applicable.

Accordingly, Petitioner's motion for an emergency TRO is DENIED without prejudice.

### D. Appointment of Counsel

Petitioner has requested appointment of counsel in this action. However, the Sixth Amendment's right to counsel does not apply in habeas corpus actions. *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). While 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner if "the court determines that the interests of justice so require," the courts have made appointment of counsel the exception rather than the rule. Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986).

Petitioner has thus far been able to adequately present his claims for relief. Respondents will produce the state record, which should include any state appellate briefs prepared by counsel. No evidentiary hearing appears necessary in this case, nor are any other extraordinary circumstances apparent. At this time, appointment of counsel is not mandated, and the interests of justice do not require appointment of counsel. Accordingly, Petitioner's request is DENIED. This denial is without prejudice to the Court's *sua sponte* reconsideration should the developments of this case dictate otherwise.

## CONCLUSION

1. Petitioner's motion for leave to proceed in forma pauperis is DENIED. Petitioner must pay the $5.00 filing fee within **thirty (30) days** of the filing date of this order, or face dismissal of this action for failure to pay the filing fee.

2. The Clerk shall serve by mail a copy of this order and the petition (docket no. 1) and all attachments thereto upon Respondents and the Respondents' attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on Petitioner.

3. Respondents shall file with the Court and serve on Petitioner, within **ninety days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondents shall file with the answer and serve on Petitioner a copy of all portions of

1 the underlying state criminal record that have been transcribed previously and that are relevant to
2 a determination of the issues presented by the petition.

3 If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the
4 Court and serving it on Respondents within **thirty days** of the date the answer is filed.

5 4. Respondents may file a motion to dismiss on procedural grounds in lieu of an
6 answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section
7 2254 Cases within **ninety days** of the date this order is filed. Petitioner shall file with the court
8 and serve on Respondents an opposition or statement of non-opposition within **thirty days** of the
9 date the motion is filed, and Respondents **shall** file with the court and serve on Petitioner a reply
10 within **fifteen days** of the date any opposition is filed.

11 5. It is Petitioner's responsibility to prosecute this case. Petitioner is reminded that
12 all communications with the Court must be served on Respondents by mailing a true copy of the
13 document to Respondents' counsel. Petitioner must keep the court and all parties informed of
14 any change of address by filing a separate paper captioned "Notice of Change of Address." He
15 must comply with the Court's orders in a timely fashion. Failure to do so may result in the
16 dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure
17 41(b).

18 IT IS SO ORDERED.
19 DATED: 11/14/11

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

Order to Show Cause; Denying Motion for Leave to Proceed in Forma Pauperis; Denying Ex Parte Motion for Temporary Restraining Order; Denying Motion to Appoint Counsel
P:\pro-se\sj.lhk\hc.11\Turner948osc          6